UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA M. CARLON, CHRISTINE M. CARLON, <br><br> Plaintiffs, <br><br> v. <br><br> TAYLOR, BEAN & WHITAKER MORTGAGE COMPANY, CENTRAL LOAN ADMINISTRATION AND REPORTING, OCWEN LOAN SERVICE, LLC, and DOES 1 through 100, <br><br> Defendants. | Case No. 2:11-CV-00499-JAM-GGH <br><br> ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION AND DISMISSING PLAINTIFFS' CLAIMS AGAINST TAYLOR, BEAN & WHITAKER |

On July 11, 2011, this Court issued an Order to Show Cause, requiring Plaintiffs Julia Carlon and Christine Carlon ("Plaintiffs") to show good cause for their failure to timely serve

1

Defendant Taylor, Bean & Whitaker Mortgage Co. ("TBWMC") in order to avoid dismissal of their claims against TBWMC (Doc. #17). In response, Plaintiffs filed an Ex Parte Application for an Order for Publication of Summons (Doc. #18) and a Response to this Court's Order to Show Cause (Docs. #19-21). For the reasons set forth below, Plaintiffs' Application is DENIED and Plaintiffs' claims against TBWMC are dismissed because Plaintiffs have not shown good cause for their failure to effect service on TBWMC.

## I.  OPINION

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 4(m), the Court must dismiss an action if a defendant has not been served within 120 days of a plaintiff's filing of his or her complaint, unless the plaintiff can demonstrate good cause for his or her failure to serve the defendant. FED. R. CIV. P. 4(m).

The Court must determine whether good cause "has been shown on a case by case basis." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Cartage Pac., Inc. v. Waldner (In re Waldner), 183 B.R. 879, 882 (9th Cir. BAP 1995)). Good cause "applies only in limited circumstances . . . ." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992) (discussing former subdivision 4(j)) (overruled on other grounds). "At a minimum, 'good cause' means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). However, in the Ninth Circuit:

> a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely

prejudiced if his complaint were dismissed." In re Sheehan, 253 F.3d at 512 (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)) (other citations omitted).

The Court also has broad "discretion under Rule 4(m), absent a showing of good cause, to extend the time of service or to dismiss the action without prejudice." In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001) (citing Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995)).

B.   Plaintiffs' Ex Parte Application

Plaintiffs move this Court for an Order for Publication of Summons pursuant to the California Code of Civil Procedure section 415.50.  Doc. #18, pg. 1-2.  In their motion, Plaintiffs erroneously argue that because the Federal Rules of Civil Procedure authorize service of process in accordance with state law, Plaintiffs may move this Court for an order under the California Code of Civil Procedure.  See id.  Plaintiffs have not provided any binding authority, or any federal law for that matter, upon which this Court can properly grant Plaintiffs' application and order a publication of summons.  For this reason alone, Plaintiffs' application is improper and is, therefore, denied.

C.   Plaintiffs' Response to the Order to Show Cause

Plaintiffs argue that their unsuccessful attempts to effect service on TBWMC, coupled with their application for service by publication under the California Code of Civil Procedure, provide a basis for this Court to not dismiss their claims against TBWMC. Doc. #19 at pg. 1-3.  Plaintiffs further argue that TBWMC "is the orchestrator and central culprit of the wrongdoings suffered by the Plaintiffs," and therefore, this Court should not dismiss TBWMC

3

from this case.  See id.  Notwithstanding the fact that Plaintiffs do not cite any case law, or provide a legal standard, demonstrating that these things satisfy the good cause requirement under federal law, the Court will evaluate whether Plaintiffs have sufficiently demonstrated good cause to avoid dismissal of their claims against TBWMC.

Although Plaintiffs made four attempts to serve TBWMC, three of these attempts were directed at CT Corp.  See Docs. #19, 20, and Exhibits A, B.  On January 28, 2011, when Plaintiffs first attempted to serve TBWMC, they were informed that CT Corp. was not the agent for service and CT Corp. did not have a listing for TBWMC.  Id.  Thus, the two subsequent attempts by Plaintiffs to serve CT Corp., on February 22, 2011, and March 23, 2011, are irrelevant to this Court's good cause inquiry because Plaintiffs were aware that CT Corp. was not the proper agent for service, yet continued to attempt service on it.  See id.  On March 23, 2011, Plaintiffs also unsuccessfully attempted service by mail on Patricia Smaldone, a registered agent for TBWMC.  Doc. #19 at pg. 2.  However, Plaintiffs have not informed the Court of any other attempts to locate or serve Ms. Smaldone, or the reason why the service by mail was unsuccessful.  See id.  This Court cannot glean from the two sentences regarding Ms. Smaldone in the Plaintiffs' response whether she has not been served due to the Plaintiffs' "excusable neglect."  Without providing any justification, this Court cannot find that Plaintiffs two legitimate attempts to serve TBWMC, one on January 28, 2011, through CT Corp., and one on March 23, 2011, through Ms. Smaldone, satisfy the good cause requirement to maintain Plaintiffs case against TBWMC.

4

This Court also finds that Plaintiffs have not made any showing that the elements set forth in <u>Boudette</u> are met in this case, and therefore, Plaintiffs have failed to demonstrate good cause. See <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001) (quoting <u>Boudette v. Barnette</u>, 923 F.2d 754, 756 (9th Cir. 1991)) (other citations omitted). Indeed, Plaintiffs have not argued that: (a) TBWMC received actual notice of the lawsuit; (b) TBWMC would suffer no prejudice; and (c) Plaintiffs would be severely prejudiced if their complaint were dismissed. <u>Cf.</u> <u>id</u>.

Finally, Plaintiffs argument that its application for an order to serve by publication somehow satisfies the requisite good cause showing is unpersuasive, given that Plaintiffs' motion was made under the California Code of Procedure and not the Federal Rules of Civil Procedure.

Accordingly, because Plaintiffs have not shown good cause for their failure to serve TBWMC within the 120 day period under Rule 4, their claims against TBWMC are dismissed.

## II. ORDER

For the reasons set forth above, Plaintiffs' Ex Parte Application for an Order for Publication of Summons is DENIED, and Plaintiffs' claims against Defendant Taylor, Bean & Whitaker Mortgage Company are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 27, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE