UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA M. CARLON, CHRISTINE M. CARLON, <br><br> Plaintiffs, <br><br> v. <br><br> TAYLOR, BEAN & WHITAKER MORTGAGE COMPANY, CENTRAL LOAN ADMINISTRATION AND REPORTING, OCWEN LOAN SERVICE, LLC, and DOES 1 through 100, <br><br> Defendants. | Case No. 2:11-CV-00499-JAM-GGH <br><br> <u>REMAND ORDER</u> |

This matter comes before the Court on Defendants Central Loan Administration and Reporting ("CENLAR") and OCWEN Loan Servicing, LLC's ("OCWEN") (collectively "Defendants") Motion to Dismiss (Doc. #5) Plaintiffs Julia Carlon and Christine Carlon's (collectively "Plaintiffs") Complaint (Doc. #1, Exhibit A) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Also before the Court is Defendants' Motion to Expunge the Recorded Lis Pendens (Doc. #6), which includes a request for an award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 405.38.

1

Plaintiffs oppose both motions (Docs. #10, 11).[1]  For the reasons set forth below, Plaintiffs fail to state a claim for relief under Federal Law, depriving this Court of original jurisdiction.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a residential mortgage taken out on Plaintiffs' property, located at 4329 Figwood Way in Sacramento, California.  See Plaintiff's Complaint, Doc. #1, Exhibit A ("Comp.") at ¶ 2.  During 2009 and 2010, Defendants CENLAR and OCWEN began servicing Plaintiffs' loan, which was originated by non-moving Defendant Taylor, Bean & Whitaker Mortgage Corporation, after Taylor Bean & Whitaker Mortgage Corporation suddenly rejected one of Plaintiffs' mortgage payments.  Id. at ¶¶ 2-8, 13-16.  Plaintiffs were unable to contact Defendant CENLAR after it began servicing their loan, and therefore did not make loan payments between August 2009 and January 2010 because they did not know where to send their money.  Id. at ¶¶ 13-20.  When Plaintiffs received a statement of the amount in arrears on their loan, they were unable to pay the total.  Id. at ¶¶ 20-21.  Plaintiffs unsuccessfully attempted to negotiate a modification of the obligation with Defendant OCWEN, which lead to the filing of this case.  Id. at 20-26.

Defendants properly removed this case pursuant to 28 U.S.C. section 1441, as Plaintiffs pled a cause of action in their

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for June 1, 2011.

complaint under a federal statute, 12 U.S.C. section 2601. Doc. #1.[2]

## II. OPINION

### A. Legal Standard

#### 1. Federal Rule of Civil Procedure 12(b)(6)

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).

---

[2] Although Defendants' removal may have been untimely, Plaintiffs did not move to remand and thereby waived their right to challenge the removal. More importantly, the removal was substantively proper, and therefore the timeliness was not addressed sua sponte by this Court at the time the case was removed.

1  "Dismissal with prejudice and without leave to amend is not
2  appropriate unless it is clear . . . that the complaint could not
3  be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,
4  316 F.3d 1048, 1052 (9th Cir. 2003).
5      2.   Jurisdiction
6      It is well settled that a court "ha[s] an independent
7  obligation to address sua sponte whether [it] has subject-matter
8  jurisdiction." See, e.g., Dittman v. California, 191 F.3d 1020,
9  1025 (9th Cir.1999).
10     Pursuant to 28 U.S.C. section 1441, "a defendant may remove an
11 action filed in state court to federal court if the federal court
12 would have original subject matter jurisdiction over the action."
13 Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th
14 Cir. 2009).  When a district court has original jurisdiction over a
15 claim, it "shall have supplemental jurisdiction over all other
16 claims that are so related to claims in the action . . . that they
17 form part of the same case or controversy . . . ."  28 U.S.C. §
18 1367(a).  However, a court has discretion to "decline to exercise
19 supplemental jurisdiction over a claim [] if: . . . (3) the
20 district court has dismissed all claims over which it has original
21 jurisdiction . . . ," id. at § 1367(c), and it is appropriate to
22 remand for lack of subject matter jurisdiction "at any time before
23 final judgment . . . ."  Id. at § 1447(c).
24     B.   Claims for Relief
25          1.   Federal Claim
26     Plaintiffs seek relief for a violation of 12 U.S.C. section
27 2601, the Real Estate Settlement Procedures Act ("RESPA").  Comp.
28 at ¶¶ 68-73.  Plaintiffs allege Defendant CENLAR "fail[ed] to

notify Plaintiffs of the assignment, sale, or transfer of the mortgage servicing rights relating to [their loan] at least fifteen (15) days before making that change . . . ." Id. at ¶¶ 70, 72. This transfer occurred sometime prior to January 18, 2010. Id. at ¶¶ 20, 70, 72. Defendants properly point out that Plaintiffs' conclusory allegations fail to state a claim upon which relief can be granted. Defendants' Points and Authorities in Support of their Motion to Dismiss, Doc. #5, at pg. 9-10. Specifically, Plaintiffs do not plead actual damages which resulted from Defendant's alleged violation of RESPA, a requirement to maintain a cause of action under RESPA. See Singh v. Washington Mutual Bank, 2009 WL 2588885 (N.D. Cal. Aug. 19, 2009). Accordingly, Defendants' motion to dismiss is granted, and Plaintiffs' claim under RESPA is dismissed.

    Allowing amendment in this case would be futile. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiffs' claim is barred by RESPA's one-year statute of limitations, as the complaint was filed on January 18, 2011, and the last alleged violation of RESPA by Defendant CENLAR occurred 15 days prior to January 18, 2010, at the latest, which was more than one year prior to the filing of Plaintiff's complaint. 12 U.S.C. § 2614; see also Levald, Inc. v. City of Palm Desert, 988 F.2d 680 (9th Cir. 1993) (authorizing sua sponte dismissal of a complaint as time-barred by the statute of limitations). Accordingly, Plaintiffs' RESPA claim is dismissed with prejudice.

    2.   State Law Claims

    Plaintiffs assert six causes of action against Defendants under California law for breach of contract, breach of covenant of good faith and fair dealing, negligence, declaratory relief,

5

violation of civil code section 2924, and violation of business and professions code section 17200.  See Comp.  As set forth above, Plaintiffs' only claim asserted against Defendant CENLAR under federal law has been dismissed without leave to amend. Additionally, on July 28, 2011, this Court issued an Order dismissing Plaintiffs' claims against Defendant Taylor, Bean & Whitaker Mortgage Company, which included a claim under RESPA, due to Plaintiffs' failure to timely serve their complaint.  Doc. #22. Therefore, Plaintiffs' only federal claim in this case, which was the basis for removal, has been dismissed as to all Defendants.

Pursuant to 28 U.S.C. section 1367, this Court exercises its discretion to decline supplemental jurisdiction over Plaintiffs' remaining claims, which all arise under state law.  Accord Keen v. American Home Mortgage Servicing, Inc., 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010) ("In the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims.") (internal citations omitted).

Accordingly, this Court will not address the merits of the remaining issues raised in Defendants' Motion to Dismiss.

C.   Motion to Expunge

In light of this Court's remand, Defendants' Motion to Expunge is dismissed without prejudice to re-file in state court.

III. ORDER

For the reasons set forth above, the Court no longer has original jurisdiction over this action and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law

6

claims.  Accordingly, the Court REMANDS this action back to the Superior Court of California, County of Sacramento.

     The Clerk shall close this case.

     IT IS SO ORDERED.

Dated: August 4, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE